UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ALLEN JAMEL ROBINSON | CIVIL ACTION NO. 18-1512 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| DARRYL VANNOY | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Petitioner Allen Jamel Robinson, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 19, 2018. Petitioner attacks his convictions for aggravated second degree battery and second degree kidnapping, as well as the 110-year sentence imposed by the Fourth Judicial District Court, Ouachita Parish.[1] For the following reasons, it is recommended that the Petition be dismissed without prejudice.

**Background**

On October 15, 2012, a jury found Petitioner guilty of aggravated second degree battery and second degree kidnapping. [doc. # 1, p. 1]. On December 18, 2012, the trial judge sentenced Petitioner to two consecutive sentences totaling 110 years of imprisonment. *Id.*

Petitioner appealed his convictions and sentences on June 6, 2013, claiming: (1) the evidence introduced at trial was insufficient to support his second degree kidnapping conviction and (2) his combined sentence was excessive. See *State v. Robinson*, 48,476 (La. App. 2 Cir. 11/20/13), 127 So. 3d 1000. On November 20, 2013, the Louisiana Second Circuit Court of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Appeal affirmed the convictions and sentences. *Id.* The Louisiana Supreme Court denied Petitioner's Application for Writ of Certiorari and/or Review on May 23, 2014. *State v. Robinson*, 2013-2939 (La. 5/23/14), 140 So. 3d 725, 726.

On May 18, 2015, Petitioner filed an application for post-conviction relief before the trial court, raising two assignments of error: (1) defective indictment and (2) ineffective assistance of counsel. The trial court denied the application on June 30, 2015.

On August 14, 2015, Petitioner filed a writ application before the appellate court, raising three "questions of law": (1) "whether the witness has a standing right to plead the 5th Amendment after having signed a sworn affidavit [sic]"; (2) "whether the court violated its ministerial duties in not reviewing the corroborate evidence which would have supported the affidavit, therefore negating the need for the witness testimony [sic]"; and (3) "whether the petitioner did meet his burden of proof in support [of] actual innocence through the presentation of the affidavit and corroborate evidence [sic]." In his memorandum in support, however, Petitioner raised the same claims that he raised before the trial court: (1) defective indictment and (2) ineffective assistance of counsel. The appellate court denied the application on September 24, 2015.

On October 19, 2015, Petitioner filed a writ application before the Louisiana Supreme Court, arguing: (1) ineffective assistance of counsel; (2) defective indictment; (3) prosecutorial misconduct; and (4) race discrimination in the selection of jurors. The Louisiana Supreme Court denied Petitioner's application on January 13, 2017.

Notably, on February 7, 2017, Petitioner filed a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, before this Court, raising the following claims: (1) defective indictment; (2)

ineffective assistance of counsel; (3) prosecutorial misconduct; (4) the trial court erred in denying his request for an evidentiary hearing; (5) excessive sentence; and (6) insufficient evidence. *Allen Jamel Robinson v. Darryl Vannoy*, 17-cv-00247 (W.D. La. 2017).  On August 1, 2017, this Court denied the Petition and dismissed it with prejudice. *Id.* at Doc. No. 17.  On February 26, 2018, the United States Court of Appeals for the Fifth Circuit denied Petitioner's motion for a certificate of appealability. *Allen Jamel Robinson*, 17-cv-00247 at Doc. No. 23.  The Supreme Court of the United States denied Petitioner's subsequent petition for writ of certiorari on October 1, 2018. *Id.* at Doc. No. 24.

On April 12, 2018, the Louisiana Second Circuit Court of Appeal denied Petitioner's application for "review of the trial court's denial of his motion to correct illegal and invalid bill of information and motion to correct illegal sentence." [doc. # 1-3, p. 6].  On October 15, 2018, the Louisiana Supreme Court denied Petitioner's third application for writs. *State v. Robinson*, 2018-0756 (La. 10/15/18), 253 So. 3d 1295.

## Law and Analysis

Here, Petitioner raises two assignments of error: (1) the trial court lacked jurisdiction to convict and sentence him because his indictment was defective and (2) his sentence is "invalid and illegal" because the trial court found, erroneously, that he was a second felony offender. [doc. #s 1; 1-2].

As noted, however, Petitioner filed a Petition for Writ of Habeas Corpus once before in this Court on February 7, 2017, attacking the same convictions and sentences that he attacks

3

here.[2] *Allen Jamel Robinson*, 17-cv-00247. The Court, to reiterate, dismissed Petitioner's previous petition with prejudice. *Id.* at Doc. No. 17.

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." RULE 9 OF THE RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS. The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

---

[2] The claims he raises here overlap with, but appear partly distinct from, the claims he raised before.

Here, Petitioner could have raised his assignments of error in his earlier petition. The instant Petition is, therefore, successive.

Before the Court may consider a second or successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).[3] Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the instant proceeding be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[4]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[3] "Before a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[4] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. See *In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Dismissal, rather than transfer, is warranted here.

**(14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 18th day of December, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE